UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DEBRA W.,

Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 6:25-cv-00159-AR

OPINION AND ORDER

**ARMISTEAD, United States Magistrate Judge**

Plaintiff Debra W. seeks judicial review of the Commissioner's final decision denying Social Security disability benefits. Plaintiff contends that the ALJ (1) erred in discounting her subjective symptom testimony; (2) improperly evaluated the medical opinions of Reed Janke, PA-C, Cody Haas, PMHNP-BC, and Morgan Clark, MSW, CSWA; and (3) improperly addressed the lay witness statements. (Pl.'s Br. at 3-20, ECF 13.) The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are

supported by substantial evidence in the record. 42 U.S.C. § 405(g); (quoting *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020)). With that standard of review applied, the Commissioner's decision is AFFIRMED.

**A.** ***Subjective Symptom Testimony.*** Plaintiff argues that, when the ALJ "summarized the medical record, largely focusing on essentially 'normal' examination findings" to discredit her subjective symptom testimony), she failed to give specific, clear and convincing reasons for doing so. (Pl.'s Br. at 3-9, citing *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)); *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2015) (if a claimant provides objective medical evidence of an underlying impairment and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discounting the claimant's testimony); 20 C.F.R. § 404.1529. And plaintiff contends that when the ALJ discussed relevant medical evidence, she "failed to link [her] symptom testimony to specific medical records and explain why those records contradicted her symptom testimony." (Pl.'s Br. at 6.) The court agrees. The ALJ was neither clear nor specific in identifying which portions of plaintiff's symptom testimony were undermined by what evidence. (*See* Tr. 24-27.) For example, the ALJ discussed plaintiff's treatment history regarding her mental impairments, right shoulder complaints, reflux, hearing loss, and bladder incontinence, yet failed to explain how that testimony was inconsistent with those impairments. (*Id.*) Thus, the ALJ erred.

That error, however, is harmless because the ALJ provided two additional reasons to discount her symptom testimony—improvement with treatment and activities of daily living (ADLs)—that plaintiff does not challenge. Accordingly, those arguments are waived and any error the ALJ made is rendered harmless by plaintiff's failure to challenge those bases for

discounting symptom testimony. (*See* Tr. 26-27; *see also* *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006)); *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (holding that even if ALJ provides an invalid reason for discounting testimony, that error is harmless if other reasons are supported by substantial evidence and do not alter the ALJ's decision).

**B.** ***Reed Janke, PA-C.*** Reed Janke is a physician assistant who treated plaintiff in December 2020 and 2021. The ALJ was unpersuaded by Janke's August 2021 medical source statement describing plaintiff's functional limitations, observing that the medical chart Janke referred to in support of his opinion lacked documentation of clinical signs, test results, or any other objective medical bases. (Tr. 28.) Plaintiff takes issue with the finding, asserting that it lacks substantial evidence and an adequate explanation of how the supportability and consistency factors were considered. ((Pl.'s Br. at 9-10); *see* *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(b)(2) (ALJs must "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors.")). Plaintiff points to Janke's chart notes that document a tender upper arm and shoulder when touched, and that Sertraline had improved plaintiff's anxiety.

Yet the record reveals that Janke examined plaintiff's *left* shoulder (*See* Tr. 570) when at the hearing, plaintiff said that it was her *right* shoulder that was problematic.[1] (*See* Pl.'s Br. at 10; *see also* Tr. 53.) Janke's remaining treatment notes mainly address her mental health impairments—which plaintiff acknowledges—and agrees that Janke noted "Sertraline had

---

[1] "Q: Are you saying the pain in your back? What shoulder? A: My right shoulder. Q: Okay so anything else besides your back pain and your right shoulder pain that prevents you from working? A: No." (Tr. 53.)

improved [her] anxiety." (Pl.'s Br. at 10-11, citing Tr. 702.) Thus, the ALJ's supportability findings are backed by substantial evidence and the ALJ reasonably concluded Janke's opinion that plaintiff would miss work four or more days per week due to her limitations was not persuasive.

Turning to plaintiff's argument asserting that Janke's conclusions were consistent with other medical evidence in the record, plaintiff highlights a 2023 MRI of her right shoulder that reveals a partial rotator cuff tear and subacromial bursitis, for which she received surgery, as discussed above. (*Id.* citing 1148, 1154.) Also noted by plaintiff are records from other providers in 2021 documenting her shoulder pain. (Tr. 696-707.) According to plaintiff, those records support Janke's 2021 limitations, and the ALJ's consistency findings are flawed. The court disagrees.

The ALJ reviewed those treatment notes and concluded that they did not support limitations beyond those included in the RFC, which limited plaintiff to occasional overhead reaching bilaterally. That finding is supported by substantial evidence. (Tr. 29, citing Tr. 568-79, 695-721 (Tr. 707 & 710 describing full range of motion, with tenderness on exam), 967-1036 (Tr. 988 discussing that injections provide three months of relief ).) Based on those notes, the ALJ could reasonably conclude that Janke's extreme limitations were inconsistent with other record evidence. Because the ALJ's reading of the record is rational and supported by substantial evidence, the court may not engage in second-guessing. *See Smartt*, 53 F.4th at 499; *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (providing that where medical evidence is susceptible to more than one rational interpretation, the ALJ's conclusion that must be upheld).

**C.** ***Cody Haas, PMHNP.*** Plaintiff likewise challenges the ALJ's finding that she was unpersuaded by an opinion from Cody Haas, a psychiatric mental health nurse practitioner who provided "[m]edication management and brief supportive counseling" to plaintiff for six months. In finding that Haas's opinion about plaintiff's mental health limitations was unsupported by his own notes and was inconsistent with other evidence in the record, the ALJ noted internal inconsistencies within Haas's opinion itself, stating that he endorsed marked limitations in plaintiff's ability to interact with coworkers and supervisors, but conversely assessed only mild limitations interacting with the general public and that there were no medical explanation for the inconsistency. (*See* Tr 29.) Also explained by the ALJ was that Haas's assessment of marked limitations was undermined by plaintiff's function report in which she reported getting "along well with authority figures such as bosses" and others, and that his assessment was based on plaintiff's self-reports and job performance history. (Tr. 29, citing Tr. 291-98, 1289.)

Plaintiff argues that because psychiatric evaluations necessarily depend on self-reports, the ALJ erred in rejecting Haas's opinion "merely because he relied to some extent on [plaintiff]'s self-reports." (Pl.'s Br. at 13, citing *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).) Plaintiff's reliance on *Buck* is misplaced here. An ALJ must evaluate a medical opinion based on how well it is supported by objective medical evidence and clinical signs. 20 C.F.R. § 404.1520c(c)(1); *Woods*, 32 F.4th at 787. Although psychiatric evaluations inherently rely on clinical interviews, *Buck* does not insulate a mental health opinion where the provider's conclusions directly conflict with the provider's own clinical findings. *See Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023). Such is the case here. The ALJ emphasized that plaintiff subjectively reported feeling "jumpy," irritable, and unable to concentrate, yet Haas's objective

mental status examinations contradicted those assertions, noting that she demonstrated appropriate behavior and dress, good eye contact, normal mood, affect, thought process, insight, and judgment, with intact attention, concentration, and memory. (Tr. 29, citing Tr. 1465, 1472, 1479-80, 1487, 1492.) Because Haas's severe restrictions conflicted with his own benign clinical findings, the ALJ properly found that his opinion lacked supportability. *See Kitchen*, 82 F.4th at 740.

Additionally, the ALJ rationally concluded that it was highly unlikely that Haas possessed any independent records of plaintiff's past employment performance other than what she subjectively reported. The ALJ observed that plaintiff "produced no discharge paperwork from any past employer to corroborate the assertion that she frequently lost jobs due to poor attendance and an inability to take criticism" and that Haas did not answer any questions regarding her "ability understand and carry out instructions." (Tr. 29.) The ALJ concluded that Haas's medical statement and questionnaire responses were "likely based entirely on [plaintiff's] subjective statements," were not consistent with the medical evidence of record, and were inconsistent with her "longitudinal functional limitations." (*Id.*) Because the ALJ's interpretation is entirely reasonable, the court must defer to that rational reading. *See Burch*, 400 F.3d at 679.

Finally, because the ALJ had already properly discounted plaintiff's subjective symptom testimony based on her unchallenged improvement with treatment and ADLs, the ALJ could find Haas's opinion unpersuasive to the extent it was premised on her properly discounted subjective complaints. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ did not err in rejecting opinions based on subjective complaints); *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995) (holding ALJ may reject medical opinion that is "premised to a large extent upon the

[plaintiff's] own accounts of [her] symptoms and limitations" if those complaints have been "properly discounted"). As above, the ALJ discounted plaintiff's credibility in part because plaintiff reported improvement with mental health medication—findings unchallenged by plaintiff. And Haas's treatment notes demonstrate they are mainly comprised of plaintiff's self-reports. (Tr. 1477 "[r]eports that she has been doing okay but some days is getting agitated again[,]" 1466 "[plaintiff] is still noticing agitation from [P]ristiq[,]" 1463 "[plaintiff] reported having irritability for more than half of the days and having anxiety, uncontrollable worrying[,]" 1485 "[s]he does feel that her agitation has improved with abilify[.]") Because the ALJ's supportability and consistency analysis is rational and supported by substantial evidence, plaintiff's disagreement with that finding provides no legal basis for reversal. *See Smartt*, 53 F.4th at 499; *Burch*, 400 F.3d at 679.

**D.** ***Morgan Clark, CSWA.*** Morgan Clark, a clinical social work associate who saw plaintiff four times, concluded that plaintiff's depression and chronic pain precluded her from working. (Tr. 31.) Also pointed out by Clark was that plaintiff's means of transportation to get to a job was limited, which affected her motivation and physical ability. (*Id.*) The ALJ was unpersuaded. That is because, the ALJ found, (1) plaintiff's physical limitations were clearly outside any expertise Clark had as a clinical social worker and (2) plaintiff's transportation issues were irrelevant to work-related functional limitations. (*Id.*) And the ALJ found that Clark's treatment of plaintiff was limited and that Clark did not review other treatment records and relied on plaintiff's subjective reports. Plaintiff again relies on *Buck v. Berryhill* to argue that the ALJ erred in rejecting Clark's opinion because it was based on her self-reports. (Pl.'s Br. at 16.) Plaintiff also takes issue with the ALJ concluding that Clark opined on her physical condition outside her

mental health expertise, instead asserting that Clark opined that plaintiff's physical pain *exacerbates* her depressive symptoms. (*Id*. at 16-17, citing Tr. 1547.) Not so—the ALJ properly evaluated the persuasiveness of Clarke's opinion for supportability and consistency. *See* 20 C.F.R. § 404.1520c.

As for supportability, the ALJ found that Clark's opinion was unsupported because it was based on her own limited treatment of plaintiff and plaintiff's self-reports. That observation is supported by the record, as Clark spoke with plaintiff just four times in three years, and Clark's treatment notes reflect plaintiff's subjective reports about her symptoms. (*See* Tr. 1516-34.) Yet Clark's mental status examinations of plaintiff show her casual and clean appearance, appropriate behavior, normal or anxious mood, cooperative attitude, logical thought, normal speech, fair judgment and insight, and mildly impaired memory. (*See* Tr. 1520, 1528, 1532-33.) Thus, Clark's own objective mental status examinations thus contradict her highly restrictive assessment. And as previously discussed, although psychological evaluations depend in part on clinical interviews and self-reports, *Buck* does not insulate a mental health opinion when the provider's extreme conclusions directly conflict with their own relatively normal clinical findings. *See Kitchen*, 82 F.4th at 740. Thus, the ALJ could conclude that the opinion lacked supportability.

As for consistency, the ALJ compared Clark's opinion to the broader record and Haas's opinion. The ALJ pointed out that Clark also endorsed marked limitations in plaintiff's ability to interact with coworkers and supervisors yet assessed a mild limitation in her ability to interact with the public, just as Haas did. The ALJ stated that when asked to identify the basis of these opinions, Clark pointed solely to plaintiff's reports as a basis for her opinion about plaintiff's employment and motivation. (*See* Tr. 30.) Consequently, the ALJ rationally discounted the

persuasiveness of Clark's opinion because she failed to reference or demonstrate familiarity with the longitudinal administrative record. *See* 20 C.F.R. § 404.1520c(c)(5) (stating an ALJ may consider a medical source's familiarity with the entire case record as a relevant factor); *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (holding that an ALJ may properly discount a medical opinion where the source fails to consider or reference the longitudinal medical history); *Woods*, 32 F.4th at 792.

And to the extent Clark integrated plaintiff's physical impairments into her mental-health-based assessment, the ALJ was justified in noting that physical limitations fall outside the scope of a mental health counselor's expertise. *See* 20 C.F.R. § 404.1520c(c)(4) (stating an ALJ may consider a medical source's specialization). Although plaintiff argues that her physical pain *exacerbates* her depression, the ALJ is responsible for resolving conflicts and ambiguities in the medical evidence. *See Andrews*, 53 F.3d at 1039. In turn, the ALJ properly accounted for the independent, baseline effects of plaintiff's physical and mental impairments through a restrictive RFC that limits her to a range of light work with tailored stress and decision-making restrictions. (*See* Tr. 23.)

**E.** ***Lay Witness Testimony.*** Plaintiff also challenges the ALJ's evaluation of the lay witness testimony from her mother and former boyfriend. (Pl.'s Br. at 17-20.) The ALJ considered those statements and concluded "that the treatment record provides more detailed and objective evidence in which to evaluate [plaintiff]'s longitudinal functional limitations." (Tr. 30.) Even if, as plaintiff argues, the ALJ erred in favoring the medical record over the lay witness testimony, (Pl.'s Br. at 19), any error is harmless. The limitations described by plaintiff's mother and former boyfriend regarding plaintiff's physical and mental health-related limitations tracked her own

allegations, particularly regarding her anxiety. (*Compare* Tr. 283-90, 885-87, *with* Tr. 291-99.) Because the ALJ provided clear and convincing reasons for discounting plaintiff's subjective symptom testimony—based on her activities of daily living and improvement with treatment—those same reasons constitute germane grounds for discounting the lay witness statements. *See Molina*, 674 F.3d at 1118-19 (holding it is harmless error "[w]here lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony"). Accordingly, even if ALJ erred in evaluating the lay witness testimony, the error was harmless and does not warrant remand.

**CONCLUSION**

For the above reasons, the court AFFIRMS the Commissioner's final decision and this action is DISMISSED.

ORDERED: August 31, 2026.

JEFF ARMISTEAD
United States Magistrate Judge